IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| AMERICAN HOMES 4 RENT, | ) |
| PROPERTIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:14CV582 |
| | ) |
| TONI MUHAMMAD, | ) |
| | ) |
| Defendant. | ) |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon an application to proceed *in forma pauperis* ("IFP") (Docket Entry 1) by Defendant Toni Muhammad, and under frivolity review pursuant to 28 U.S.C. §1915(e)(2)(B). After review of Defendant's IFP application, the Court will grant Defendant's motion to proceed *in forma pauperis*[1], but for reasons set forth below, this Court recommends that this action be remanded to the state court.

## I. INTRODUCTION

On July 11, 2014, Defendant filed an IFP application and notice of removal seeking to remove a summary ejectment action brought against Defendant in the Magistrate Court of Guilford County, North Carolina. (Docket Entries 1, 2.) Defendant seeks removal based upon Plaintiff American Homes 4 Rent Properties, LLC's ("AH4R") alleged violation of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., Rule 60 of

---

[1] Based upon Defendant's representations to the Court, Defendant has shown he is unable to pay fees and costs associated with said action. This status will be granted for the sole purpose of entering this Order and Recommendation.

the Federal Rules of Civil Procedure and 42 U.S.C. § 3631.

## II. STANDARD OF REVIEW

The Court is required to dismiss frivolous or malicious claims, and any complaint that fails to state a claim for upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As a part of its review, the Court may also consider the question of subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins*, No. 5:09–CV–551–D, 2010 U.S. Dist. LEXIS 50264, at *8, 2010 WL 2038806, at *2–3 (E.D.N.C. Mar. 11, 2010) (dismissing complaint on basis of lack of subject matter jurisdiction as part of district court's frivolity review under 28 U.S.C. § 1915) (citations omitted)).

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). The removal statute provides in relevant part:

> (a) Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a

citizen of the State in which the action is brought.

28 U.S.C. 1441(a-b). Federal courts thus have original jurisdiction over primarily two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship. 28 U.S.C. § 1332(a). Removal jurisdiction is strictly construed against removal and in favor of remand. *Id.*; *see also Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) ("If federal jurisdiction is in doubt, such doubt must be resolved in favor of state court jurisdiction and the case remanded."); *Deutsche Bank Nat. Trust Co. v. Lovett*, C/A No. 3:12-1819-MBS-SVH, 2012 WL 7070324, at *3 (D.S.C. Aug. 24, 2012) (same).

In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thus creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the plaintiff's cause of action. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Next, the federal question which is the predicate for removal must be "presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Gully*, 299 U.S. at 112-13 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

3

Accordingly, the federal claim or right that provides the predicate for removal cannot appear for the first time in a defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by a defendant. 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722, pp. 402-14 (3d ed. 1998 & Supp. 2008); *see Caterpillar Inc.*, 484 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); *Gully*, 299 U.S. at 113; *see also Hunt v. Lamb*, 427 F.3d 725 (10th Cir. 2005) (vacating dismissal and ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be created by defendant pleading a counterclaim presenting a federal question). Third, the federal question raised must be a substantial one. *Hagans v. Levine*, 415 U.S. 528, 536 (1974). Finally, the party seeking removal bears the burden of establishing federal jurisdiction. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974); *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Where a court lacks subject matter jurisdiction, "the court may enter a remand order *sua sponte*." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (emphasis in original).

## III. DISCUSSION

In the present case, Defendant has removed this case from state court in Guilford County, where AH4R filed a summary ejectment action against Defendant. (*See* Complaint,

Docket Entry 4.) The Complaint indicates that Defendant defaulted on a lease agreement by failing to pay rent due for the month of June 2014. *Id.* AH4R thereafter sought court intervention to be put back in possession of the leased premises. *Id.* In his notice of removal, Defendant states that this Court has "original, concurrent, and or supplementary jurisdiction over this cause of action, pursuant to 28 USC § 1446, and 15 USC 1692, rule 60 of the federal rule of civil Procedure, including but not limited to the Bill of Rights." (Notice of Removal, Docket Entry 2 at 1.) However, nothing in the state court Complaint suggests that this Court has jurisdiction over this action. In his notice of removal, Defendant does not allege that the parties are diverse[2], or that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Furthermore, Defendant indicates on the civil cover sheet that he is a citizen of North Carolina (Docket Entry 8), and § 1441(b) bars removal based upon diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987) ("Section 1441(b) forbids removal of a suit on the basis of diversity where a defendant is a citizen of the state in which suit is brought.")

It appears that Defendant asserts jurisdiction based upon a federal question, but the face of the Complaint does not assert a federal question. In his notice of removal, Defendant states that AH4R is in violation of the Federal Debt Collection Practices Act, and that the dispossessory proceedings violate the 14th Amendment. (Notice of Removal,

---

[2] Defendant indicates on his civil cover sheet that AH4R is incorporated and has a principal place of business in another state. (Docket Entry 8.) Even if true, as discussed above, Defendant's citizenship in the forum state bars removal under § 1441(b).

5

Docket Entry 2 at 1-2.) Whether by defense or as a counterclaim, this attempt to create federal-question jurisdiction is insufficient. *Caterpillar Inc.*, 484 U.S. at 399. Because Defendant has not shown a legitimate basis for removal of this action to federal court so as to create original jurisdiction in this Court, the undersigned recommends that this action be remanded back to state court.

## IV. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant's application to proceed *in forma pauperis* (Docket 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER RECOMMENDED** that this case be **REMANDED** to the General Court of Justice, District Court-Small Claims, in Guilford County, North Carolina for further proceedings.

Joe L. Webster
United States Magistrate Judge

August 12, 2014
Durham, North Carolina